IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWANDA MOTON, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> G4S SECURE SOLUTIONS (USA) INC. § <br> D/B/A G4S DALLAS, § <br> § <br> Defendant. § | CIVIL ACTION NO. <br><br> 3:24-cv-00026 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Lawanda Moton ("Plaintiff") files this Original Complaint against G4S Secure Solutions (USA) Inc. d/b/a G4S Dallas ("Defendant").

### II.

### PARTIES

1. Plaintiff is an individual and a citizen of Tarrant County, Texas.

2. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 450 Exchange, Irvine, California 92602. Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III.

### JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4. Defendant employs the requisite number of employees for coverage under the relevant federal statutes upon which Plaintiff's claims are based.

### IV.

### VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

6. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

### V.

### BACKGROUND FACTS

7. Plaintiff started working for Defendant as a security officer from June 2018.

8. In April 2020, Plaintiff began working at Defendant's Irving, Texas location.

9. Shortly after Plaintiff started working at that location, another female employee (Maya Henderson) began sexually harassing her.

10. Ms. Henderson constantly made inappropriate comments about how she wanted to be intimate with Plaintiff.

11. Plaintiff told Ms. Henderson that she was not interested, which stopped the unwanted sexual advances for approximately one month.

12. Ms. Henderson then started sexually harassing another co-worker, but that coworker engaged in and reciprocated the conduct.

13. On or around July 14, 2020, while Plaintiff was sitting in her chair at the desk, Ms. Henderson sat on Plaintiff's lap and began telling her of sexual things she wanted to do to Plaintiff.

14. Ms. Henderson told Plaintiff that she should not "knock it because she might like it."

15. Ms. Henderson also told Plaintiff that she was going to get her "pussy juice" on Plaintiff.

16. Plaintiff immediately reported this incident to both of her supervisors and to Human Resources ("HR") because the harassment made Plaintiff incredibly uncomfortable and disgusted.

17. No formal disciplinary action was taken by Plaintiff's supervisors or HR.

18. On or around August 3, 2020, Ms. Henderson rubbed Plaintiff's hand when she was clocking in.

19. Plaintiff asked Ms. Henderson if she had just rubbed her hand, to which Ms. Henderson replied that she "could rub more than that and [Plaintiff] would like it."

20. Mr. Green was nearby and overheard the inappropriate comments made by Ms. Henderson to Plaintiff.

21. Rather than intervening and stopping the harassment, Mr. Green joined in on the harassment by saying that he would love to watch and that he would even pay to watch.

22. Plaintiff was stunned and said, "Oh my God!"

23. Mr. Green replied with, "I've heard people call out worse things than that."

24. Plaintiff reported the incident to another supervisor (Charlie Garcia) who said that he would write a report, but he failed to do so.

25. Plaintiff told another coworker (Justin Garrett) about this incident because he told Plaintiff that Ms. Henderson had also made inappropriate comments to him.

26. On August 25, 2020, Plaintiff made a complaint to Kelly Lewis (HR Manager) and sent her a detailed email of the ongoing sexual harassment.

27. On August 28, 2020, in a follow up call with Ms. Lewis, Plaintiff requested that HR find her another site with a similar schedule because no action was being taken against her harassers and she did not want to continue to be subjected to the hostile environment and to continue working with those who had harassed her.

28. Following this second complaint, Plaintiff's supervisors started nitpicking her work and having her do things that were not in her job description.

29. Plaintiff was frequently sent away from her usual post so that her harasser and coworkers could continue to be inappropriate.

30. Plaintiff was the second in command and she was supposed to stay at the office, but she was still sent away.

31. When Plaintiff asked why she was being sent away from the office and reminded her supervisor that her job required her to stay at the office, Mr. Green said, "you're not going to do that now."

32. Plaintiff asked Mr. Green again about what was going on at work and he said that it was because of the mess going on with HR for an issue that should have been fixed "in-house."

33. Mr. Green also told Plaintiff he had a meeting with HR and that Plaintiff should tell HR that they had settled the issue in-house.

34. Mr. Green also requested that Plaintiff be removed from the site, not knowing that she had already asked to be removed.

35. Plaintiff left the site at the end of August and HR said Plaintiff would be paid until a new site was found for her.

36. HR kept trying to place Plaintiff at sites that would require her to work a different schedule that did not work for her and her family.

37. HR told Plaintiff that she was being too picky and making it hard for them to find a place for her to go.

38. Plaintiff was only paid for four days that she was out, until the investigation was closed.

39. During HR's investigation of Plaintiff's complaints, it was confirmed that Plaintiff had made a complaint to Mr. Green, and he had failed to escalate the issue appropriately.

40. Mr. Green was terminated for his failure to take appropriate action.

41. Ms. Henderson also admitted making the inappropriate comments to Plaintiff but indicated that she was "joking" and unaware that her comments were unwanted.

42. Ms. Henderson also admitted sitting in Plaintiff's lap but claimed it was the only way she could clock in.

43. Despite these admissions, Ms. Henderson was not terminated for her violations of Defendant's zero-tolerance policy for harassment.

44. Defendant did not find a new assignment for Plaintiff until January 2021.

45. Shortly after Plaintiff started working at the new assignment, she learned that Ms. Henderson had also been transferred to that site.

46. Plaintiff raised her concerns about working with Ms. Henderson after the sexual harassment had occurred to her new manager, Demetrious (last name unknown).

47. Demetrious shared this information with Keith Medlin.

48. Plaintiff was told that they were on different shifts and that would be a problem.

49. Plaintiff expressed her concerns that they would still have to relieve each other at shift changes and shift changes was when she had problems with Ms. Henderson at the previous assignment.

50. Plaintiff's concerns were discounted, and she was assured it would not be a problem.

51. In late February 2021, Plaintiff saw Ms. Henderson on her way out as Plaintiff was on her way in.

52. Plaintiff hid from Ms. Henderson to avoid any inappropriate encounters.

53. Shortly after this encounter, Plaintiff became too fearful of future sexual harassment by Ms. Henderson and was forced to end her employment with Defendant because it had failed to take appropriate remedial actions following her complaint of sexual harassment.

## VI.

## **CONDITIONS PRECEDENT**

54. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission.

55. The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

56. The EEOC has issued a right to sue on the Charge.

57. Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.   Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Supervisor Liability—Title VII**

58. Plaintiff incorporates each of the foregoing paragraphs.

59. Defendant discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

60. Ms. Henderson and Mr. Green's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

61. Because Mr. Green was Plaintiff's supervisor, Defendant is vicarious liable for Mr. Green's harassing conduct.

62. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**B.   Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Negligence—Title VII**

63. Plaintiff incorporates each of the foregoing paragraphs.

64. Defendant discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

65. Ms. Henderson and Mr. Green's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

66. Defendant knew, or in the exercise of reasonable care should have known that Ms. Henderson and Mr. Green were sexually harassing Plaintiff.

67. Defendant failed to take reasonable care to prevent and promptly correct Ms. Henderson and Mr. Green's harassing behavior.

68. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**C.  Cause of Action—Sex Discrimination—Discriminatory Discharge—Title VII**

69. Plaintiff incorporates each of the foregoing paragraphs.

70. Defendant terminated Plaintiff's employment and/or constructively discharged Plaintiff because of Plaintiff's sex-gender.

71. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**D.  Cause of Action—Unlawful Retaliation—Title VII**

72. Plaintiff incorporates each of the foregoing paragraphs.

73. Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

74. In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment and/or constructively discharged Plaintiff.

75. Defendant's actions violated 42 U.S.C. § 2000e-3(a).

## VIII.

## DAMAGES

76. Plaintiff incorporates each of the foregoing paragraphs.

77. Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

78. Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

79. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

80. Plaintiff seeks all damages available under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

81. Plaintiff incorporates each of the foregoing paragraphs.

82. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

83. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## X.

## RESPONDEAT SUPERIOR

84. Plaintiff incorporates each of the foregoing paragraphs.

85. Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

86. Plaintiff incorporates each of the foregoing paragraphs.

87. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiff's employment with Defendant with backpay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.    Any additional equitable relief as the Court deems proper.

## XII.

## JURY DEMAND

88.    Plaintiff incorporates each of the foregoing paragraphs.

89.    Plaintiff demands a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

90.    Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

    A.    Back pay and front pay (including benefits);

    B.    Compensatory damages;

    C.    Punitive damages;

    D.    Injunctive and declaratory relief, including but not limited to, an Order:

        a.    Prohibiting Defendant from engaging in unlawful discrimination;

        b.    Reinstating Plaintiff's employment with Defendant with backpay;

        c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        d.        Paying court costs;

        e.        A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

        f.        Any additional equitable relief the Court deems proper;

E.        Courts costs;

F.        Pre-judgment and post-judgment interest at the rate set by law; and

G.        All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Brittney L. Thompson*
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@sgtlawgroup.com
JAMIE J. GILMORE
Texas Bar No. 24045262
jamie@sgtlawgroup.com
BRITTNEY L. THOMPSON
Texas Bar No. 24104618
brittney@sgtlawgroup.com
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**